UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:19-cv-20399-BECERRA
**CONSENT CASE**

HUMBERTO ALEMAN, JR.,
      Plaintiff,

      v.

REGIONAL ONE, INC., et al.,
      Defendants.
_____/

## ORDER APPROVING FLSA SETTLEMENT

**THIS CAUSE** came before the Court following a Settlement Conference held before the undersigned on March 20, 2019.  ECF No. [16].  This action involves claims brought by Plaintiff Humberto Aleman, Jr. against Defendants Regional One, Inc. and Hank Gibson, for alleged violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA").  ECF No. [1].  At the Settlement Conference, the Parties reached a resolution of this matter and placed the material terms of that resolution on the record, and later reduced the agreement in writing.

In reviewing a settlement of an FLSA private claim, a court must "scrutiniz[e] the settlement for fairness," and determine that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions."  *Lynn's Food Stores v. United States*, 679 F.2d 1350, 1353–55 (11th Cir. 1982).  A settlement entered in an adversarial context where both sides are represented by counsel throughout litigation "is more likely to reflect a reasonable compromise of disputed issues."  *Id.* at 1354.  The district court may approve the settlement in order to promote the policy of encouraging settlements of litigation.  *Id.*

The Court finds that the settlement here represents a genuine compromise of a bona fide dispute.  Defendants, who have denied liability, have agreed to pay Plaintiff more than they believe

Plaintiff is due under the law.  Both sides have agreed to settle because of reasonable strategic and financial considerations.  The Court also notes that given the nature of the litigation and the pleadings that were filed, the attorneys' fees award is reasonable.  In addition, the settlement is reasonable not just when viewed in light of Plaintiff's claims against Defendants (and Defendants' defenses to those claims), but also in light of the amount that Plaintiff and his counsel will each receive.  The Court also finds that the settlement here occurred in an adversarial context and that there are genuine coverage and computation issues in dispute.  The Court further finds that the settlement reached by the parties represents a reasonable compromise by both sides and is fair and reasonable.

Accordingly, it is hereby:

**ORDERED AND ADJUDGED** that the Parties' Settlement Agreement is **APPROVED**. It is further

**ORDERED AND ADJUDGED** that this matter is hereby dismissed with prejudice and all pending motions are denied as moot, subject to the Court's retention of jurisdiction to enforce the Settlement Agreement, as set forth above in this Order.  It is further

**ORDERED AND ADJUDGED** that the Clerk of the Court shall close this case.  It is further

**ORDERED AND ADJUDGED** that the Court retains jurisdiction to enforce the terms of the Settlement Agreement until April 27, 2019.

**DONE AND ORDERED** in Chambers in Miami, FL on this 27th day of March, 2019.

JACQUELINE BECERRA
United States Magistrate Judge

Copies to:
All parties and counsel of record